UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS, | No. 2:18-cv-0732-EFB P |
| Plaintiff, | |
| v. | ORDER |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis.

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

| | |
|---|---|
| 1 | Screening Order |
| 2 | Plaintiff claims that on April 23, 2013, defendant Whitehead tried to "chicken hawk" |
| 3 | plaintiff by pulling plaintiff's hands, cuffed behind his back, over plaintiff's head. ECF No. 1 at |
| 4 | 3. This allegedly resulted in a golf-ball sized bruise on plaintiff's left wrist. *Id.* at 4. Plaintiff |
| 5 | claims he was assaulted again two months later, on June 21, 2013, by defendant Dobbs. *Id.* |
| 6 | Dobbs allegedly yanked plaintiff's right hand through a food port and slammed plaintiff's hand. |
| 7 | *Id.* Dobbs and Whitehead then allegedly interfered with plaintiff's ability to seek medical |
| 8 | treatment until July of 2013, when plaintiff was transferred to the Enhanced Outpatient Program. |
| 9 | *Id.* at 5. In July of 2017, plaintiff allegedly learned that Whitehead's assault had caused nerve |
| 10 | damage to his left wrist, forearm, and elbow. *Id.* at 4. Plaintiff alleges violations of his Eighth |
| 11 | Amendment rights to be free from excessive force and from interference with medical care. *Id.* |
| 12 | at 3. |
| 13 | Plaintiff's claims appear to be barred by the statute of limitations. The applicable statute |
| 14 | of limitations starts to run when a plaintiff knows or has reason to know of the injury that is the |
| 15 | basis of his action – typically the date on which the injury actually occurs. *See Ward v.* |
| 16 | *Westinghouse Can.*, 32 F.3d 1405, 1407 (9th Cir. Cal. 1994); *Douglas v. Noelle*, 567 F.3d 1103, |
| 17 | 1109 (9th Cir. 2009). Actions arising under section 1983 look to the forum state's statute of |
| 18 | limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California the statute of limitations |
| 19 | for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. The California Code of |
| 20 | Civil Procedure provides that this limitation period is subject to two year tolling for prisoners who |
| 21 | are serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a). And California courts have |
| 22 | read out the "less than life" limitation. *See Jones v. Blanas*, 393 F.3d 918, 928 n.5 (9th Cir. |
| 23 | 2004). Accordingly, plaintiff had four years from the day his injuries accrued to bring this suit. |
| 24 | Although plaintiff claims he did not discover his nerve damage until 2017, "a plaintiff need not |
| 25 | realize the extent, seriousness, or permanence of an injury for a claim to accrue." *Doe v. County* |
| 26 | *of Josephine*, No. 1:12-cv-2080-CL, 2015 U.S. Dist. LEXIS 65642, *10 (Or. May 18, 2015) |
| 27 | (citing *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 972 (9th Cir. 2002). Thus, plaintiff's |
| 28 | excessive force injuries accrued back in April and June of 2013, when each assault allegedly |

occurred; his medical interference injuries accrued no later than July of 2013, when he was transferred to the Enhanced Outpatient Program. Plaintiff did not commence this action until April of 2018, well after the four year statute of limitations expired. Nonetheless, plaintiff will be permitted leave to amend in the event that he might be able to plead facts demonstrating that his claims are not time-barred.

## Leave to Amend

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: March 14, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE