UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID BAUGHMAN, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0732-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A (ECF No. 5), plaintiff filed an amended complaint (ECF No. 10) and the court must screen it.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

/////

Screening Order

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> Plaintiff claims that on April 23, 2013, defendant Whitehead tried to "chicken hawk" plaintiff by pulling plaintiff's hands, cuffed behind his back, over plaintiff's head. ECF No. 1 at 3. This allegedly resulted in a golf-ball sized bruise on plaintiff's left wrist. *Id.* at 4. Plaintiff claims he was assaulted again two months later, on June 21, 2013, by defendant Dobbs. *Id.* Dobbs allegedly yanked plaintiff's right hand through a food port and slammed plaintiff's hand. *Id.* Dobbs and Whitehead then allegedly interfered with plaintiff's ability to seek medical treatment until July of 2013, when plaintiff was transferred to the Enhanced Outpatient Program. *Id.* at 5. In July of 2017, plaintiff allegedly learned that Whitehead's assault had caused nerve damage to his left wrist, forearm, and elbow. *Id.* at 4. Plaintiff alleges violations of his Eighth Amendment rights to be free from excessive force and from interference with medical care. *Id.* at 3.
>
> Plaintiff's claims appear to be barred by the statute of limitations. The applicable statute of limitations starts to run when a plaintiff knows or has reason to know of the injury that is the basis of his action – typically the date on which the injury actually occurs. *See Ward v. Westinghouse Can.*, 32 F.3d 1405, 1407 (9th Cir. Cal. 1994); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Actions arising under section 1983 look to the forum state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. The California Code of Civil Procedure provides that this limitation period is subject to two year tolling for prisoners who are serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a). And California courts have read out the "less than life" limitation. *See Jones v. Blanas*, 393 F.3d 918, 928 n.5 (9th Cir. 2004).
>
> Accordingly, plaintiff had four years from the day his injuries accrued to bring this suit. Although plaintiff claims he did not discover his nerve damage until 2017, "a plaintiff need not realize the extent, seriousness, or permanence of an injury for a claim to accrue." *Doe v. County of Josephine*, No. 1:12-cv-2080-CL, 2015 U.S. Dist. LEXIS 65642, *10 (Or. May 18, 2015) (citing *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 972 (9th Cir. 2002). Thus, plaintiff's excessive force injuries accrued back in April and June of 2013, when each assault allegedly occurred; his medical interference injuries accrued no later than July of 2013, when he was transferred to the Enhanced Outpatient Program. Plaintiff did not commence this action until April of 2018, well after the four year statute of limitations expired. Nonetheless, plaintiff will be permitted leave to amend in the event that he might be able to plead facts demonstrating that his claims are not time-barred.

ECF No. 5 at 3-4. In the amended complaint, plaintiff attempts to correct the deficiency identified by the original screening order by arguing that he was not aware of his injury until

2

2017. ECF No. 10 at 5. Plaintiff otherwise recites the same allegations as those in the original complaint. *See id.* at 3-4. There are no new allegations curing the deficiencies the court has identified. Thus, the amended complaint (ECF No. 10) must be dismissed for the reasons stated in the court's prior screening order (ECF No. 5), as barred by the statute of limitations.

## Leave to Amend

The court has already afforded plaintiff a chance to amend his complaint, yet he is no closer to stating a cognizable claim. Consequently, it declines to offer him further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

## Conclusion

Accordingly, it is ORDERED that the Clerk randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 10) be DISMISSED without leave to amend as barred by the statute of limitations and the Clerk be directed to CLOSE the case..

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE